Glen **NELSON** et al., Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

Civ. No. 1884.

United States District Court,
D. Montana,
Missoula Division.

May 22, 1972.

Dale L. McGarvey, Kalispell, Mont., for plaintiffs.

Keith L. Burrowes, Asst. U. S. Atty., Billings, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Plaintiffs were the fee owners of a tract of land needed by the United States for the Libby Dam. Busch, an agent of the United States, negotiated with plaintiffs for the purchase of the land. During the negotiations plaintiffs asked Busch whether there was any chance to sell gravel from the land for use in aggregate for the construction of the dam. Busch advised plaintiffs that he did not know but would find out. He inquired of the Resident Engineer's office and was advised that gravel from plaintiff's land would not be used in the construction of the dam. Busch advised plaintiffs that there would be no gravel taken within a mile of his land, a purchase price was agreed upon, and the land was conveyed to the United States. At the time of the negotiations there were maps in existence which showed the Yarnell Terrace as a gravel source, and the plaintiff's lands were within the boundaries of that Terrace. Contractors building the dam were told by these maps that the gravel from the plaintiff's land could be used in the dam construction. It was not then known whether the gravel would or would not be used.

.There .was, however, a chance that gravel would be taken from the land, and the contractor did in fact use a substantial quantity of it.

■ It does not appear that there was any intent to defraud, and plaintiff's claim of fraud cannot be maintained. There is no Federal Tort claim.

It does appear, however, that there was a mutual mistake—Busch, acting on what he regarded as good advice, was mistaken as to the gravel potential, as were the plaintiffs. The matter was one of some importance to plaintiffs, and the Government knew it. It is evident that by reason of this mistake plaintiff was deprived of his right to negotiate or litigate on the basis of having a gravel source usable in the construction of the dam. No opinion is expressed as to the value, if any, of this right, but plaintiff would not have dealt as he did had he been advised of the facts. The case presents a classic example of the kind of mutual mistake which would warrant a rescission were the action one between private parties [1] or were the Government the plaintiff.[2]

■ Necessary to the prosecution of this action is the consent of the United States to be sued. The Tucker Act [3] contains the Government's consent to be sued in any civil action founded upon the Constitution or upon any express or implied contract with the United States. The district courts are given jurisdiction when the amount involved is less than $10,000.00. The fifth amendment provides that no person shall be deprived of property without due process and prohibits the taking of private property for public use without just compensation. The question of what is just compensation may be resolved by agreement or by litigation, but whichever method is used it is necessary that the Government disclose its plans so that the effect of the taking may be properly evaluated. If by reason of a mistake of the Government a landowner is prevented from evaluating either in negotiation or in litigation some factor relating to the value of the land then he may not be justly compensated and certainly is deprived of the right to be heard on that factor of value. The right to be heard is, of course, the essence of due process. The Tucker Act does not give consent to an action for rescission as such but it does consent to an action seeking just compensation for property taken. The fact that it may be necessary to undo the price stated in an executed contract as a prelude to the determination of just compensation should not I think impair the court's power to determine if the Constitutionally guaranteed just compensation has been denied and if it has to rectify the error. I conclude that there is a consent to be sued and that this court does have jurisdiction.[4]

It is now ordered that a hearing be had to determine the additional compensation (not exceeding $10,000.00), if any, to which plaintiff is entitled by reason of the fact that at the time of the execution of the deed a portion of plaintiff's land was designated by the Government as a potential gravel source.

---

1. R.C.M. 1947 § 13–903.

2. United States v. Jones, 176 F.2d 278 (9th Cir. 1949).

3. 28 U.S.C. § 1346.

4. Tucker Act jurisdiction has been found in cases seeking additional compensation in contracts executed as a result of mutual and in some cases unilateral mistakes although the consent and jurisdiction problem is not elaborated upon. *See* C. N. Monroe Mfg. Co. v. United States, 143 F.Supp. 449 (E.D.Mich.1956); Kemp v. United States, 38 F.Supp. 568 (D.Md. 1941); Wender Presses, Inc. v. United States, 343 F.2d 961, 170 Ct.Cl. 483 (1965) (dictum); Loral Corp. v. United States, 434 F.2d 1328, 193 Ct.Cl. 473 (1970) (dictum).